## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICIA A. ROPER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 15-9281-JWL** |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security

(hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections

216(i) and 223 of the Social Security Act.  42 U.S.C. §§ 416(i) and 423 (hereinafter the

Act).  Finding the Administrative Law Judge (ALJ) did not properly apply the legal

standard for evaluating medical opinions, the court ORDERS that the decision shall be

REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

## I.      Background

Plaintiff applied for DIB, alleging disability beginning December 15, 2010.  (R.

11, 136).  Plaintiff exhausted proceedings before the Commissioner, and now seeks

judicial review of the final decision denying benefits.  Plaintiff argues that the ALJ erred

in evaluating the medical opinions of her treating orthopedist and of the non-treating

consultants who examined her at the request of the state agency, and in evaluating the

credibility of her allegations of symptoms.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he

findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual

findings are supported by substantial evidence in the record and whether he applied the

correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord,

White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than

a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S.

389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804

(10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that

of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

2

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a

claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th

Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a

determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether she

has a severe impairment(s), and whether the severity of her impairment(s) meets or equals

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt.

P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This

assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--

determining at step four whether, in light of the RFC assessed, claimant can perform her

past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the

economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ did not adequately

explain his evaluation of the medical opinions, primarily the opinion of Plaintiff's treating

orthopedist, Dr. Striebinger.  Because remand is necessary for a proper evaluation of the

medical opinions, thereby necessitating a new RFC assessment, Plaintiff may make her

arguments regarding credibility on remand.

## II.     Discussion

Plaintiff argues that the ALJ discounted Dr. Striebinger's opinion merely because

he "did not have the opportunity to review all the pertinent medical evidence of record"

(R. 20), but the ALJ did not "indicate what records Dr. Striebinger did not review that

undercut his medical opinion."  (Pl. Br. 15-16).  She also argues that the ALJ erred in

failing to explain the weight he accorded to the reports of medical examinations provided

to the state agency by Dr. Rupp and Dr. Halphen.  Id. at 16-17.  The Commissioner

argues that a "reasonable person could agree with" the ALJ's findings that Dr.

Striebinger's opinion should be given partial weight (Comm'r Br. 7), and that because Dr.

Rupp and Dr. Halphen did not give "specific limitations on Plaintiff's ability to work," it

was proper for the ALJ to discuss and consider their reports without according specific

weight to them.  (Comm'r Br. 9).

### A.      Standard for Weighing Medical Opinions

"Medical opinions are statements from physicians and psychologists or other

acceptable medical sources[1] that reflect judgments about the nature and severity of [a

claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis."

20 C.F.R. § 404.1527(a)(2).  Such opinions may not be ignored and, unless a treating

source opinion is given controlling weight, all medical opinions will be evaluated by the

Commissioner in accordance with factors contained in the regulations.  Id. § 404.1527(c);

Soc. Sec. Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp.

2016).  A physician who has treated a patient frequently over an extended period of time

(a treating source) is expected to have greater insight into the patient's medical condition,

and his opinion is generally entitled to "particular weight."  Doyal v. Barnhart, 331 F.3d

758, 762 (10th Cir. 2003).  But, "the opinion of an examining physician [(a nontreating

source)] who only saw the claimant once is not entitled to the sort of deferential treatment

accorded to a treating physician's opinion."  Id. at 763 (citing Reid v. Chater, 71 F.3d

372, 374 (10th Cir. 1995)).

---

[1]The regulations define three types of "acceptable medical sources:"

"Treating source:"  an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. §§ 404.1502, 416.902.
    "Nontreating source:"  an "acceptable medical source" who has examined the claimant, but never had a treatment relationship.  Id.
    "Nonexamining source:"  an "acceptable medical source" who has not examined the claimant, but provides a medical opinion.  Id.

A treating physician's opinion about the nature and severity of a claimant's impairments should be given controlling weight by the Commissioner if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003); 20 C.F.R. § 404.1527(c)(2).  When a treating physician's opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned that opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).

A treating source opinion which is not entitled to controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527."  Watkins, 350 F.3d at 1300.  Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. § 404.1527(c)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical

opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th

Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the regulatory factors, the ALJ must give good reasons in his

decision for the weight he ultimately assigns medical opinions.  If the ALJ rejects an

opinion, he must give specific, legitimate reasons for doing so.  Watkins, 350 F.3d at

1301.

### B.      Analysis

As Plaintiff asserts, the ALJ's entire rationale for the weight he accorded Dr.

Striebinger's opinion was contained in two sentences:  "The undersigned gives partial

weight to [Dr. Striebinger's] opinion because claimant was able to return to work.

However, Dr. Striebinger did not have the opportunity to review all the pertinent medical

evidence of record."  (R. 20).  And, as Plaintiff argues and the Commissioner

acknowledges, the ALJ considered and discussed the examination reports provided by Dr.

Rupp and Dr. Halphen, but did not assign a specific weight to them.  (R. 18).

Plaintiff alleges error in failing to assign weight to the non-treating physicians'

opinions, but she does not point to a limitation opined by either of those physicians which

was not included in the RFC assessed, and which would require a different decision.

Consequently, she has not shown prejudice from the alleged error.  Therefore, if there

was error in this regard it was harmless.  In any case, Plaintiff may point out the error to

the Commissioner on remand.

The ALJ found that Dr. Striebinger restricted Plaintiff to "no bending at the waist or lifting over 10 pounds."  (R. 20) (citing Ex. 5F/44 (R. 371)).  It was this opinion that he accorded partial weight--to the extent that Plaintiff was able to return to work--but rejected it to the extent of no bending or lifting over 10 pounds because Dr. Striebinger could not review "all the pertinent medical evidence of record."  (R. 20).  The disposition of this opinion is central to the question of disability in this case.

The ALJ determined that Plaintiff is able to perform light exertional work (occasionally lifting up to 20 pounds - 20 C.F.R. § 404.1567(b)).  (R. 16).  He found, therefore, that she was able to return to past relevant work as it is generally performed (light), and alternatively that there is other light exertional work available in the economy. (R. 21-22).  The ALJ also found Plaintiff was 52 years old on her alleged onset date.  (R. 21).  If Plaintiff is unable to lift more than 10 pounds, she cannot perform either her past relevant work or any other light exertional work.  Although the ALJ found that Plaintiff has acquired transferable skills (R. 21), he did not find that Plaintiff has skills which are transferable to sedentary work, and the only representative jobs to which the vocational expert testified Plaintiff has transferable skills are light work.  (R. 48-49).  Therefore, if Plaintiff is unable to lift more than 10 pounds, the record evidence does not demonstrate that there are jobs in the economy of which she is capable, and consequently will not support a finding that she is not disabled.  20 C.F.R., Pt. 404, Subpt. P, App. 2 § 201.00(g) ("When such individuals [(age 50-54)] . . . can no longer perform

vocationally relevant past work and have no transferable skills, a finding of disabled

ordinarily obtains.").

As Plaintiff argues, the ALJ did not explain the records that Dr. Striebinger did not

review which would undercut the medical opinion of a treating orthopedist, and the court

cannot definitively ascertain what those records would be.  The court investigated if the

opinions of the state agency physical consultants in this case might justify discounting a

treating source opinion.  Those physicians opined that Plaintiff "could perform less than

the full range of light work" (R. 20) (citing Exs. 2A and 9F/1 (R. 62, 429)),[2] and they had

the benefit of reviewing Dr. Striebinger's limitation to lifting 10 pounds.  However, the

consultants do not even mention Dr. Striebinger by name.  They list Dr. Striebinger's

treatment notes as evidence they considered, but they state that the source of the evidence

is "Neurosurgery Assoc of Kansas," and they state that evidence contains "no" opinion.

(R. 54, 66-67).  They provided no reason for discounting Dr. Striebinger's lifting

restriction, and from their listing of evidence, there is no reason to believe they saw it or

considered it.  Moreover, even if the court were to assume that the state agency physical

consultants saw, considered, and appropriately discounted Dr. Striebinger's lifting

---

[2]Exhibit 2A is the Initial Disability Determination, and says nothing regarding Plaintiff's limitations, and Exhibit 9F states merely that Dr. Kaur reviewed the medical records and assessed an "RFC with light limitations."  However, Exhibits 1A and 3A are the Disability Determination Explanations provided at the initial level and at the reconsideration level, respectively.  (R. 52-61, 63-76).  They contain the limitations opined by the consultants.  The court's discussion of the state agency physical consultants' opinions relies on the opinions expressed in those exhibits.

restriction, there is no reason to believe that the ALJ relied on their (unstated) evaluation of Dr. Striebinger's lifting restriction, because the ALJ accorded their opinions only partial weight. (R. 20). The reason he gave for doing so was that they "did not have an opportunity to review all the material medical evidence in the file." Id. Once again, he did not explain the material medical evidence to which the consultants were not privy, and this time he did not even state what part of their opinions he rejected. Because Dr. Striebinger's lifting restriction is central to the decision of disability, and because the court cannot ascertain the basis for the ALJ's rejection of that opinion, remand is necessary for a proper explanation.

In an attempt to salvage the ALJ's decision, the Commissioner argues that Dr. Striebinger's bending and lifting restrictions were only temporary and had expired by the time of the decision. (Comm'r Br. 6-7). She argues that a "reasonable person could agree with these findings" because Plaintiff was able to return to work, because Dr. Streibinger "indicated that these limitations would likely be lifted at [Plaintiff's] next appointment," id. at 7, and because Plaintiff subsequently had surgery on her knees and was discharged by her physical therapist to return to work. Id. at 7-8. While there is record evidence from which one might argue Dr. Striebinger's limitations were only temporary, one might not rely on those reasons to find that the ALJ reasonably gave Dr. Striebinger's opinion only partial weight. That is so primarily because the ALJ did not rely on those reasons. As noted above, he gave Dr. Streibinger's restrictions only partial weight because Dr. Striebinger did not have access to other unnamed pertinent medical records. He said

10

nothing regarding the duration of the restrictions imposed.  Had he determined that the restrictions were only temporary, he could have given great weight, perhaps even controlling weight, to those restrictions and determined that they did not require a finding of disability because they were no longer effective.  The court may not rely on such post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

Moreover, the record evidence is not so demonstrative as the Commissioner asserts in her brief.  First, the work to which Plaintiff returned was with the restrictions imposed by Dr. Striebinger, and the ALJ determined that was an unsuccessful work attempt because Plaintiff stopped that work due to her impairments.  (R. 13).  Second, Dr. Striebinger did not indicate that the restrictions would "likely" be lifted.  Rather, he stated that Plaintiff "has another appt. with Doctor 5-3-11 at which time restrictions may be lifted."  (R. 371) (emphasis added).  If the restrictions were lifted, it was not stated affirmatively and the record is unclear why.  Finally, although Plaintiff was discharged from physical therapy to return to work, the physical therapy notes do not indicate what her restrictions were at that work, and the work to which Plaintiff returned was the work she had been doing with Dr. Striebinger's restrictions and which the ALJ determined was an unsuccessful work attempt.  The Commissioner has not shown that the record evidence supports the ALJ's evaluation of Dr. Striebinger's opinion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 15th day of August 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum

**John W. Lungstrum**
**United States District Judge**